**EXHIBIT A – PLEADINGS AND PROCESS SERVED ON DEFENDANTS**



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

Tonya Hall, Administrator of the Estate of the Estate of Christopher Hall and Vashti Lowe, Next Friend of Ca'Zariyah Hall and Germanie Lowe  )  Case No.: 2020CV340418
　　　　　　　Plaintiff,

vs.

Georgia Department of Public Safety
959 United Ave. SE Atlanta, GA 30316

Kevin Kirby, 7800 Scenic Heights, Manchester, GA 31816   Defendant

and JOHN DOE

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

Peter D. Copeland, Atty at Law, P.O. Box 448, Clarkston, GA 30021, 404 299 2444

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. IF YOU FAIL TO DO SO JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

This _____12th_____ day of __September__, 20__20__

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
　　　　　　　　Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
\*\*\*EFILED\*\*\*QW
Date: 9/14/2020 12:00 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

TONYA HALL, ADMINISTRATOR OF THE )
ESTATE OF CHRISTOPHER HALL AND )
VASHTI LOWE, NEXT FRIEND OF )
CA'ZARIYAH HALL AND GERMANIE LOWE, )
                                                      )
       Plaintiffs,                      )
                                                      )
v.                                                 )       CIVIL ACTION 2020CV340418
                                                 )       FILE NO. _____
THE GEORGIA DEPARTMENT OF PUBLIC )
SAFETY, KEVIN KIRBY and JOHN DOE, )
                                               )
       Defendants.              )

## COMPLAINT

COME NOW Plaintiffs in the above-styled action, and hereby files this Complaint and in support thereof shows this court the facts, as follows:

### Statement of the Case

This action arises from a reckless police action that resulted in the death of Christopher R. Hall. Kevin Kirby essentially executed Christopher Hall over a traffic stop and Kirby's conduct caused the decedent's loss of income, loss of life and the loss of the enjoyment of life.

### PARTIES AND JURISDICTION

1.

Plaintiffs are Georgia residents. Vashti Lowe is the natural guardian of Christopher Hall's children. Tonya Hall is his mother.

2.

Defendant Georgia Department of Public Safety is a unit of the State of Georgia and operates the Georgia State Patrol and is subject to the jurisdiction and venue of this court. At all pertinent times the Georgia Department of Public Safety employed Kevin Kirby, the patrolman that is the subject of this action. The Defendant is liable for the action complained of herein pursuant to policies, customs and procedures of the Georgia Department of Public Safety. The Georgia Department of Public Safety is subject to the jurisdiction and venue of this court as it maintains an office and transacts business in Fulton County. Service may be made upon this defendant by serving its registered agent or CEO, Colonel Gary Vowell, 959 United Ave., SE Atlanta, GA 30316. Wade Damron, Director, Risk Management Services, J. Axelrod Atwood, Comm., Georgia Dept. of Admin. Services, may be served at 200 Piedmont Ave., Ste. 1220, West Tower, Atlanta, GA 30334. Chris Carr, Attorney General, may be served at 40 Capital Square, Atlanta, GA 30303. Kevin Kirby is subject to the jurisdiction and venue of this court and may be served at 7800 Scenic Heights, Manchester, GA 31816.

3.

All notice requirements have been met.

4.

All state agencies have waived immunity under OCGA § 51-21-10 and other sections of the Tort Claims Act.

## COUNT I

5.

On or about September 12, 2018 Kevin Kirby was on patrol when he spotted a truck being operated by Christopher Hall. Mr. Hall was committing no known traffic

offenses. Mr. Hall was driving slightly under the speed limit, which prompted Kirby to follow him. Kirby stopped the decedent, retrieved information from the decedent and started to go back to the patrol vehicle. Mr. Hall proceeded to leave the scene and a low-speed chase began. The pursuit occurred on GA 41. Kirby decided to perform a PIT maneuver by striking the rear of corner of the truck. As a direct result Mr. Hall lost control of the truck, left the road but came to rest on the side of the road. At no time during the chase was Mr. Hall a danger to other people. There was essentially no traffic on the roads at the time. They were not near any crowded streets or busy intersections. The nearest town had virtually no traffic at the time in question. Mr. Hall died on the scene.

6.

The PIT maneuver was executed despite the narrow road, darkness, lack of evidence of a danger to the public and proximity to a ditch was in violation of the department's procedures and showed intention to harm Christopher Hall.

7.

Kevin Kirby showed reckless disregard for the public's safety and for proper law enforcement procedures in initiating PIT maneuver under the wrong conditions where the driver posed no immediate danger to others.

8.

Defendant owed a duty of care to Christopher R. Hall but breached the duty and was negligent and reckless. As a direct and proximate result of defendant's acts of negligence and reckless disregard for the public's safety, Christopher R. Hall suffered serious and debilitating injuries resulting in his death and the Georgia Department of Public Safety is liable for the actions of its officer. The acts of negligence include, but are not limited to, following too closely, failure to take evasive action, failure to warn and failure to keep a lookout. Kevin Kirby showed reckless disregard for the public's safety and for proper law enforcement procedures in initiating PIT maneuver under the wrong conditions where the driver posed no immediate danger to others.

9.

Plaintiff is entitled to recover for wrongful death, full value of life, loss of enjoyment of life, loss of earning capacity, funeral expenses, pain and suffering, emotional suffering and grief, medical expenses, property damage and all other damages allowed by law. In particular On September 12, 2018 Trooper Kevin Kirby acted with negligence and reckless disregard for the proper procedures while operating a patrol vehicle in that he performed a Precision Immobilization Technique on a vehicle driven by Christopher Hall, causing Mr. Hall's death. Kirby's actions create a state law negligence claim. He failed to comply with the department's policy in that he continued the chase and executed a PIT maneuver. The PIT maneuver was not executed in accordance with training. It was executed despite the narrow road, darkness, proximity of a ditch, lack of evidence of a danger to the public, no speeding or darting in and out of traffic, no erratic driving, no evidence of any traffic violation, a curved road, and the inability to assess the occupants of the vehicle. Other methods

were not considered and determined to be unfeasible. The maneuver was used before considering the width of the road, obstructions, lack of experience of the trooper and the need to stop the vehicle immediately. Kirby's actions also violated constitutional excessive force protections. Christopher was driving at night when he was profiled for being a possible drunk driver. He had done nothing wrong. There was not excessive speed or other drivers in the area, and they were not at a place that put innocent bystanders in imminent danger.

10.

The execution of a PIT maneuver despite the narrow road, darkness, lack of evidence of a danger to the public and proximity to a ditch was in violation of the department's procedures, showed intention to harm Christopher Hall and give rise to a constitutional due process of life claim.

11.

Defendants were required to follow state law and any internal procedures when dealing with the public. Defendants breached their duty when performing a PIT maneuver on Mr. Hall.

12.

GDPS failed to properly train Kevin Kirby regarding when to use a PIT maneuver.

13.

Defendants' negligence caused Mr. Hall's death, which resulted in pain and suffering, loss of value of live, income and other damages.

14.

GDPS is responsible for any negligence committed by Kevin Kirby in the performance of his duties.

15.

At all times relevant Kevin Kirby was acting under color of law.

16.

Defendant violated plaintiff's rights by using excessive force. Christopher Hall died as a result of defendants' actions. Kirby's actions violated constitutional excessive force protections. The execution of a PIT maneuver despite the narrow road, darkness, lack of evidence of a danger to the public and proximity to a ditch was in violation of the department's procedures, showed intention to harm Christopher Hall and give rise to a constitutional due process of life claim.

17.

The use of the PIT maneuver constituted deadly force.

18.

Kirby intentionally hit Mr. Hill's vehicle.

19.

GDPS failed to fully investigate this incident. There was no independent investigation.

20.

GDPS ratified Kirby's use of the PIT maneuver.

21.

GDPS permitted a pattern or custom of violating the public's rights.

22.

GDPS is liable due to the policies in effect at the time of this incident.

23.

GDPS knew there was a need for proper deadly force training.

24.

GDPS failed to discipline troopers for policy violations and created an environment where violations were tolerated.

25.

GDPS knew pursuits would likely result in death but recklessly failed to provide proper training, failed to enforce policies to avoid foreseeable injuries, failed to investigate complaints and failed to engage an outside agency to investigate incidents.

26.

Despite violations GDPS failed to reprimand troopers.

27.

GDPS liable for its employee's violations under respondeat superior.

## COUNT II

28.

Plaintiff realleges those allegations contained in paragraphs 1 through 27 of the complaint as if set forth herein in their entirety.

29.

At the time of the subject incident, Kevin Kirby was driving a vehicle for or owned by defendant Georgia Department of Public Safety.

30.

At all times relevant Kevin Kirby acted in the course and scope of her employment by the Georgia Department of Public Safety which is liable for damages arising from Kirby's actions under respondeat superior and any other applicable law.

WHEREFORE, plaintiff prays against the defendant that:

(a) Process issue as provided by law;
(b) She/They be awarded actual damages in accordance with the enlightened conscience of a fair and impartial jury against the defendant;
(c) She/They be awarded general damages in accordance with the enlightened conscience of a fair and impartial jury against the defendant;
(d) She/They be awarded interest and costs;
(e) She/They have a trial by jury; and
(f) She/They have such other and further relief as this court deems just and proper.

Respectfully submitted,

/s/ *Peter D. Copeland*

---

Peter D. Copeland
Georgia Bar No. 186785
Attorney for plaintiff

PETER D. COPELAND, P.C.
P.O. Box 448
989 Montreal Road
Clarkston, Georgia 30021